UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN WOODALL,

    Petitioner,

v.                                                                                    Case No.  8:06-cv-2274-T-17MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

### **ORDER**

This cause is before the Court on Petitioner John Woodall's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Woodall challenges his conviction and sentence entered by the Circuit Court for the Twelfth Judicial Circuit, Manatee County, Florida.

Procedural Background

On July 16, 2001, the State filed an information in case no. 01-CF-313 charging Woodall with count I, attempted sexual battery with a deadly weapon, a second-degree felony, and count II, burglary to a dwelling with an assault in 00-CF-1366 or battery, a first-degree felony. The offenses were alleged to have been committed March 6, 2000. A plea/sentencing hearing convened March 14, 2002. After discussion of a motion to suppress and off the record discussions, defense counsel announced the defendant, now petitioner, Woodall would enter a plea. (Comp. Ex. 001, plea/sentencing transcript at p. 5) The sentence in the case would run concurrently with the sentence petitioner

was serving in 00-CF-1366[1] and concurrently with whatever the sentence would be in 01-CF-911[2]. (Id. at p. 6) As part of the plea agreement, the state had agreed to reduce the charge of attempted sexual battery with a deadly weapon to attempted sexual battery without a deadly weapon and without a firearm. However, the state did not reduce count II from the original charge. (Comp. Ex. 001, Plea Form) At the plea/sentencing hearing, the court announced to the petitioner he was charged with attempted sexual battery, a second-degree felony punishable by fifteen years state prison,[3] and with burglary of a dwelling with an assault or battery, a first-degree felony punishable by life. (Comp. Ex. 001, plea/sentencing transcript, p. 7)

After Woodall was sworn, defense counsel announced that he was authorized to withdraw Woodall's previously entered plea of not guilty and tender a plea of nolo contendere to count I as amended and count II as charged. This was with the understanding the sentence with respect to count II would be 18.5 years with credit for time served. The sentence for count I would be 15 years, concurrent. (Id. at p. 8) This

---

[1] In 00-CF-1366 the petitioner entered a nolo contendere plea to burglary of a dwelling, a second-degree felony, reserving the right to appeal the denial of his motion to suppress. He was sentenced March 16, 2001 to seven years incarceration, followed by eight years on probation. The denial of the motion to suppress was affirmed, *per curiam*. *See Woodall v. State*, 860 So. 2d 424 (Fla. 2d DCA 2003).

[2] In 01-CF-911 the petitioner entered a nolo contendere plea to burglary of a dwelling, a second-degree felony and to grand theft, a third-degree felony. He reserved the right to appeal the denial of his motion to suppress. On June 4, 2002 he was sentenced to ten years incarceration on the burglary charge and to five years incarceration on the grand theft charge. The denial of the motion to suppress was affirmed, *per curiam*. *See Woodall v. State*, 848 So. 2d 324 (Fla. 2d DCA 2003).

[3] The record is confusing about the degree of felony for the attempted sexual battery charge. The original charge, attempted sexual battery with a deadly weapon, was actually a second-degree felony, not a first-degree felony. *Kendrick v. State*, 817 So. 2d 951, 952 (Fla. 2d DCA 2002). The charge to which the petitioner entered his plea, attempted sexual battery, was actually a third-degree felony punishable by a maximum of five years. *Crosier v. State*, 806 So. 2d 585, 586 (Fla. 4th DCA 2002).

sentence would run concurrent to a pending sentence in case no. 01-CF-911 for charges of burglary of a dwelling and grand theft. The sentence would also be concurrent to a sentence already being served. The other condition of the plea was the defense would withdraw its motion to suppress which had been filed January 25, 2002. Since the state had DNA evidence, a motion to suppress would not be dispositive. (Id. at p. 9)

The state trial court conducted the plea colloquy, determined the plea was freely and voluntarily entered, determined the factual basis, and accepted the plea. (Id. at pp. 11-22) The court then sentenced Woodall to 15 years incarceration on count I and to 18.5 years incarceration on count II. The sentences were to run concurrently with each other, with the previous prison sentence, and with any expected sentence in 01-CF-911. (Id. at pp. 22, 23) The court announced Woodall had thirty days to appeal. For the record, the state attorney announced the victim was alive and well and living in Manatee County.

The judgment and sentence were filed March 28, 2002. (Comp. Ex. 001) The Manatee County Clerk of Court's Docket Sheet shows no direct appeal was filed in the case. According to the docket sheet the judgment was recorded April 1, 2002; the next entry is the petitioner's motion for post-conviction relief filed March 19, 2004. (Comp. Ex. 001) In the absence of a timely notice of appeal, or without the granting of a belated appeal, Woodall's conviction became final April 29, 2002. *See, e.g.*, *Jones v. State*, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006); *Napolitano v. State*, 782 So. 2d 1012, 1013 (Fla. 4th DCA 2001).

On October 14, 2004[4], Woodall filed a State Petition for Writ of Habeas Corpus seeking a belated appeal in case no. 01-CF-313. Woodall alleged ineffective assistance of counsel at his plea/sentencing hearing in that he requested defense counsel to file a notice of appeal, but he failed to do so. (Comp. Ex. 002) On December 15, 2004 Woodall filed a Supplemental Petition for Writ of Habeas Corpus. He claimed he was misled by defense counsel such that he believed he was prohibited from appealing based on his no contest plea. He also requested the court to order the respondent to respond to the allegations in his petition. (Id.)

On January 27, 2005 the state district court of appeal directed the Office of the Attorney General to file a response to the petition for belated appeal within twenty days. (Id.) On February 11, 2005 the attorney general filed its response to the petition. The respondent disputed the factual allegations in the petition based on an affidavit by defense counsel Richard Buckle that he never advised Woodall that he would file a notice of appeal on his behalf at any time. The attorney general also asserted the petition for belated appeal was untimely. According to attorney Buckle's affidavit, Woodall was placed on notice that an appeal had not been filed on or about May 24, 2002. The limitations period for the belated appeal expired on or about April 15, 2004. The original habeas corpus petition was filed October 14, 2004. (Id.)

Woodall filed his reply to the state's response February 17, 2005. On February 22, 2005 the state district court of appeal ordered Woodall to show cause within fifteen days why the proceeding should not be dismissed as untimely. Woodall responded to

---

[4] The date of filing under the mailbox rule. *See Haag v. State*, 591 So. 2d 614 (Fla. 1992).

the show cause order February 28, 2005. On March 23, 2005 the state district court of appeal entered its order dismissing the petition for a belated appeal in 01-CF-313. *See Woodall v. State*, 902 So. 2d 162 (Fla. 2d DCA 2005). The state district court of appeal's online docket indicates that Woodall moved for rehearing April 8, 2005. The state district court of appeal denied rehearing April 20, 2005. (Id.)

On March 15, 2004 Woodall filed a motion for post-conviction relief in case nos. 00-CF-1366, 01-CF-313, and 01-CF-911. During the pendency of the motion for post-conviction relief, on October 4, 2004, Woodall filed a Motion to Correct Illegal Sentence directed to case no. 01-CF-313. (Comp. Ex. 003) He alleged his fifteen year sentence on the offense of attempted sexual battery was illegal, since it exceeded the statutory maximum for a third-degree felony. (Id.) On December 3, 2004 the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County entered an order directing the state to respond to the motion. (Id.)

On January 8, 2005 Woodall filed a motion for judgment on the pleadings and to prohibit the state from responding to his motion. On February 8, 2005 Woodall filed an amended motion for the same relief. On March 2, 2005 the state trial court entered its order denying the petitioner's motions. The state trial court set the matter for hearing on April 7, 2005. The state trial court docket sheet reflects that the hearing did take place. The court granted Woodall's motion and resentenced him to five years with credit for time served. (Comp. Ex. 001) The state trial court filed a handwritten order granting Woodall's motion. (Comp. Ex. 003)

On December 3, 2004 the state trial court entered its "Non-Final Order on Defendant's Motion for PostConviction Relief; Order Granting Evidentiary Hearing." The state trial court denied all postconviction claims except for ground three under 00-CF-1366 and granted an evidentiary hearing on the issue: Whether counsel misadvised the Defendant that should he testify at trial; the State could reveal the substance of his prior arrests and convictions. The evidentiary hearing convened May 11, 2005. After hearing testimony and argument, the state trial court denied ground three.

The state trial court entered its written final order denying post-conviction relief May 16, 2005. The court entered its written order denying Woodall's motion for rehearing May 17, 2005. Woodall filed a notice of appeal on May 20, 2005. On or about January 19, 2006 the Special Assistant Public Defender filed an "*Anders*"[5] brief to the effect that he found no meritorious argument to support the contention the state trial court committed significant reversible error. The State filed an answer brief concurring with the public defender.

Woodall filed a pro se initial brief on or about April 14, 2006. Upon consideration, the Second District Court of Appeal affirmed the denial of post-conviction relief, *per curiam*. *See Woodall v. State*, 944 So. 2d 367 (Fla. 2d DCA 2006). Woodall filed a motion for rehearing/rehearing en banc October 16, 2006. On November 15, 2006, the state district court of appeal denied the motion.

Woodall filed his federal habeas corpus petition November 15, 2006. The petition is untimely.

---

[5] *Anders v. California*, 386 U.S. 738 (1967).

DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In his federal habeas petition, Woodall challenges his conviction and sentence in case no. 01-CF-313. For purposes of the AEDPA one-year limitation period, this conviction became final when the time in which he could have filed an appeal expired April 29, 2002. Woodall, in his habeas petition, asserts that because he was resentenced April 7, 2005, his petition is timely under *Walker v. Crosby*, 341 F. 3d 1240 (11th Cir. 2003). Under *Walker*, the one-year limitation period for a habeas petition challenging the original conviction together with a resentencing judgment runs from the date the resentencing judgment became final by the conclusion of direct review. If the resentencing judgment is tolled by a properly filed application for state collateral relief, the one-year limitation period is tolled. *Id.* at 1246.

Woodall's petition is controlled by *Rainey v. Sec'y for the Dep't of Corr.*, 443 F. 3d 1323, 1326 (11th Cir. 2006): "When a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment and sentence became final and not from the date the resentencing judgment became final." The instant case is controlled by *Rainey* because Woodall's habeas petition challenges only his original conviction which became final April 29, 2002.

The habeas petition raises four grounds for relief, none of which have anything to do with his sentence correction of April 7, 2005. Ground one alleges defense counsel was ineffective for failing to depose the alleged victim concerning her identification of the assailant in violation of the Sixth and Fourteenth Amendments; ground two alleges defense counsel was ineffective for failing to depose the detectives investigating the alleged offense in violation of his Sixth and Fourteenth Amendment rights; ground three alleges defense counsel was ineffective when he failed to procure an independent lab to do DNA testing or investigate DNA evidence in violation of his Fifth and Fourteenth Amendment rights; and, ground four alleges the plea of nolo contendere was not entered voluntarily and intelligently in violation of his Sixth and Fourteenth Amendment rights.

None of these claims challenge the resentencing. Moreover, the resentencing did not invoke any federal constitutional questions, nor did petitioner assert any such

claims in state court.[6] A person in custody pursuant to a judgment of a state court must file his application for a writ of habeas corpus within one year of the date on which the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, Woodall's original conviction became final April 29, 2002. To be timely, his habeas petition had to be filed on or before April 30, 2003. The one-year limitation period had expired before petitioner filed his motion to correct illegal sentence on September 30, 2004.

The petition for belated appeal was dismissed as untimely.[7] In fact, the instant habeas petition was filed over a year after the April 7, 2005 resentencing. Under the circumstances, the case is controlled by *Rainey*, not *Walker*.

Accordingly, the Court orders:

1. That Woodall's petition is denied.  The Clerk is directed to enter judgment against Woodall and close this case.

2. That, if Woodall can show by record evidence, that his petition is not time barred, the Court will consider a motion to reopen the case filed within 20 days of the date of this order.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

---

[6] Not only must a resentencing raise a federal constitutional issue but such issue must be "fairly presented" to a state court for purposes of exhaustion before presentation to a federal court.

[7] *See Pace v. Diguglielmo,* 544 U.S. 408 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of section 2254(d)(2).").

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 22, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

John Woodall

-10-